IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LaToya Pamplin, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 21 C 2166 |
| | ) |
| Illinois Department of Human Services and Illinois Department of Central Management Services, | ) |
| | ) |
| Defendants. | ) |

Memorandum Opinion and Order

LaToya Pamplin is a Licensed Practical Nurse who was employed by the Illinois Department of Human Services to provide services as a Mental Health Technician I at the Shapiro Developmental Center in Kankakee, Illinois. She was terminated on July 29, 2015, after a pre-disciplinary meeting and a disciplinary hearing, both conducted in her absence and without notice to her, resulted in findings that she had violated defendants' Absenteeism and Tardiness Policy by accumulating excessive unexcused work absences. Pamplin claims that her termination violates the Americans with Disabilities Act ("ADA") because defendants failed to accommodate her disability—a constellation of gastro-esophogeal

conditions collectively known as "GERD"—by excusing certain absences for which she provided medical justification in the form of doctors' notes saying that she was unable to work due to symptoms of her disability. Pamplin also claims that defendants discriminated against her based on her disability by failing to excuse her absences or to authorize medical leave for periods when symptoms of her disability flared up; retaliated against her by terminating her after she requested medical leave to allow her to receive treatment; and interfered with her right to seek a reasonable accommodation by suspending and then terminating her after she notified them of her disability and request for accommodation.

Defendants seek dismissal with prejudice of Pamplin's Second Amended Complaint ("SAC") on three grounds: that her claim is time-barred because some of the events she recounts in the SAC happened more than 300 days before she filed a charge of discrimination with the EEOC; that her requests for disability leave are not protected activity under the ADA; and that defendant Illinois Department of Central Management Services ("IDCMS") was not her employer, so there is no basis for holding it liable for the alleged violations of the ADA. The motion is granted only as to IDCMS and is otherwise denied.

As to defendants' first argument, a complaint's putative untimeliness is rarely a ground for dismissal at the pleadings

2

stage. Indeed, "[f]ailure to timely file an administrative charge is an affirmative defense," *Laouini v. CLM Freight Lines, Inc.*, 586 F.3d 473, 475 (7th Cir. 2009), and plaintiffs "ordinarily need not anticipate and attempt to plead around affirmative defenses." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016). While there is an exception to this rule when the complaint pleads all of the elements of an affirmative defense, *see Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015), this exception plainly does not apply here, as plaintiff's alleged termination date is within the limitations period. Accordingly, all claims arising out of her termination appear to be timely, and dismissal of her complaint is inappropriate. That the SAC describes events leading up to her termination that may have occurred outside limitations period does not change the analysis. *See Strong v. Quest Diagnostics Clinical Lab'ys, Inc.*, No. 19-CV-4519, 2021 WL 354000, at *2 (N.D. Ill. Feb. 2, 2021) (explaining that "a court may dismiss a complaint for failure to state a claim but may not strike individual legal theories from the complaint," because "'[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief.'") (quoting *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) and citing cases).

Defendants' second argument—that the SAC does not articulate statutorily protected activity for purposes of her retaliation claim—also lacks merit. As defendants acknowledge, Pamplin states a claim for retaliation under the ADA if her allegations raise a plausible inference that she "asserted her rights under the ADA by...seeking an accommodation...due to a disability." Defs.' Mem., ECF 30 at 6. The SAC's allegations clearly do so. See SAC at ¶¶ 45-47, 50, 72-76, 82-84. Defendants' suggestion that requests for one's own health-related leave do not, as a matter of law, qualify as ADA protected activity is not supported by the only case they cite, *Preddie v. Bartholomew Consol. Sch. Corp.*, 799 F.3d 806, 813 (7th Cir. 2015). Indeed, nothing about the *Preddie* court's conclusion—at summary judgment—that the plaintiff's intermittent requests for sick days throughout the school year did not amount to protected activity suggests that plaintiff's requests for leave—which she submitted on a form titled "Authorization for Disability Leave and Return to Work"—do not qualify as protected activity.

As to defendants' final argument—that there is no basis for liability against IDCMS—Pamplin offers no response, thus conceding the argument.

For the foregoing reasons, defendants' motion to dismiss is granted only as to defendant IDCMS and is otherwise denied.

4

ENTER ORDER:

_____
**Elaine E. Bucklo**
United States District Judge

Dated: March 14, 2022